NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PETER C. WARNER and KIMBERLY DRIGGS-WARNER,
*Plaintiffs/Appellants*,

*v.*

CITY OF PHOENIX BOARD OF ADJUSTMENT,
an Arizona municipal agency,

and

ADME HOLDINGS, LLC, an Arizona LLC,
Applicant/Real Party in Interest,

and

KEVIN L. HERRELL, Owner/Real Party-in Interest,
*Defendants/Appellees*.

---

COREY RICHTER, *Intervenor/Appellee*.

No. 1 CA-CV 15-0863
FILED 4-13-2017

---

Appeal from the Superior Court in Maricopa County
No. LC2015-000196-001
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Peter C. Warner, Tempe
By Peter C. Warner
*Counsel for Plaintiffs/Appellants*

Phoenix City Attorney's Office, Phoenix
By Paul M. Li
*Counsel for Defendant/Appellee City of Phoenix Board of Adjustment*

Sanders & Parks PC, Phoenix
By Jasmina Richter
*Counsel for Intervenor/Appellee Corey Richter*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1 Peter C. Warner and Kimberly Driggs-Warner appeal the superior court's judgment affirming the decision of the City of Phoenix Board of Adjustment (the "Board") to approve a developer's request for a zoning ordinance variance. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Corey Richter is the current owner of a residential lot (the "Property") in a Phoenix neighborhood. The Warners live four lots away, more than 650 feet to the south. The Property is slightly more than two acres in size, 296 feet wide and 301 feet deep, and there is a vacant, uninhabitable house near the center of the lot. The Property is zoned RE-43, which requires a maximum density of one dwelling per acre of land, with a width of 165 feet and a depth of 175 feet.

¶3 In 2014, a former owner authorized a developer to apply for a variance to permit the Property to be split into two lots, each 148 feet wide. Each lot would be slightly narrower than the prescribed width under the zoning provision, but because of the greater depth, each parcel would still be larger than one acre. The Warners opposed the variance, arguing it

would decrease the value of their home. After a public hearing, the zoning adjustment hearing officer approved the variance. The Warners appealed to the Board, and after a public hearing, the Board upheld the hearing officer's decision.

**¶4** The Warners filed a statutory special action challenging the Board's ruling. *See* Ariz. Rev. Stat. ("A.R.S.") § 9-462.06(K).[1] The superior court affirmed, finding that the Board's decision was not arbitrary, capricious, or an abuse of discretion. The Warners timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5** The Board may approve a variance if the following criteria are met: (1) "there are special circumstances or conditions applying to the land . . . [that] do not apply to other properties in the district," (2) the "special circumstances were not created by the owner or applicant," (3) "the variance is necessary for the preservation and enjoyment of substantial property rights," and (4) the variance "will not be materially detrimental to persons residing or working in the vicinity, to adjacent property, to the neighborhood, or to the public welfare in general." Zoning Ordinance of the City of Phoenix ("Zoning Ordinance") § 307(A)(9); *see also* A.R.S. § 9-462.06(G)(2), (H)(2).

**¶6** The Warners challenge the Board's decision on two bases. They argue there was insufficient evidence to support the Board's determinations that the variance (1) was necessary for the preservation and enjoyment of substantial property rights and (2) would not be materially detrimental to the adjacent property owners. *See* Zoning Ordinance § 307(A)(9)(c), (d).

**¶7** Because a variance is a deviation from the zoning law, it should be granted only "sparingly and under exceptional circumstances." *Ivancovich v. City of Tucson Bd. of Adjustment*, 22 Ariz. App. 530, 535 (1974); *see also* Zoning Ordinance § 202; *Variance*, Black's Law Dictionary (10th ed. 2014). "We review de novo issues involving the interpretation of a statute or a city ordinance." *Pawn 1st, LLC v. City of Phoenix*, 239 Ariz. 539, 541, ¶ 5 (App. 2016) (review granted Dec. 13, 2016). "We generally defer to the Board's decision and presume it to be correct unless it is 'not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

abuse of discretion.'" *Id.* (quoting A.R.S. § 12-910(E)); *see also Pingitore v. Town of Cave Creek*, 194 Ariz. 261, 264, ¶ 18 (App. 1998). We will not substitute our judgment for that of the Board, nor will we reweigh the evidence or "consider the probative force of conflicting testimony." *Mueller v. City of Phoenix*, 102 Ariz. 575, 581 (1967). Instead, we determine whether some credible evidence supports the Board's determination. *Austin Shea (Ariz.) 7th St. & Van Buren, L.L.C. v. City of Phoenix*, 213 Ariz. 385, 392, ¶ 29 (App. 2006); *see also Mueller*, 102 Ariz. at 581–82. Because we are reviewing the same record as that considered by the superior court, we need not defer to that court's conclusion. *Pawn 1st*, 239 Ariz. at 541, ¶ 6.

### A. Necessary for the Preservation and Enjoyment of Substantial Property Rights.

**¶8** The Warners argue that the Board erred in upholding the variance on this basis because there was no evidence the Property could not have been maintained as a single-family residence, either by remodeling the existing house or building a new one. *See* Zoning Ordinance § 307(A)(9)(c). They further argue that a variance is not "necessary" to preserve or enjoy a substantial property right unless the Property has no value as is (that is, in compliance with zoning requirements). But under A.R.S. § 9-462.06(G)(2), a variance is appropriate if, "because of special circumstances applicable to the property, including its size, shape, topography, location, or surroundings, the strict application of the zoning ordinance will deprive the property of privileges enjoyed by other property of the same classification in the same zoning district." And here, the shape of the property is such that two one-acre lots can be created with only a minor variance to the width requirement, and the resulting width (165 feet) is in fact consistent with (or greater than) many lots in the neighborhood, including the lots immediately adjacent to the back of the Property. The Board could reasonably have concluded that special circumstances or conditions applicable to the Property (and not self-imposed by the owner) would cause "the strict application of the zoning ordinance . . . [to] deprive the property of privileges enjoyed by other property of the same classification in the same zoning district." *Id.*

### B. Material Detriment to Adjacent Property.

**¶9** The Warners do not challenge the Board's determination that the variance would cause no material detriment to the neighborhood, but they argue there was no evidence to support the determination that the variance would cause no material detriment to the adjacent property. *See* Zoning Ordinance § 307(A)(9)(d). Although the Warners also contend that

the Board failed to make a specific finding on the issue of material detriment to adjacent properties, we will infer such a finding from the Board's decision if the finding is necessary to sustain the decision, is reasonably supported by the evidence, and does not conflict with express findings. *See Austin Shea*, 213 Ariz. at 393, ¶ 33.

**¶10**      Here, the evidence reasonably supports the Board's determination. The variance would allow a vacant, uninhabitable house to be torn down and two custom homes built, each valued at more than $1 million and consistent with the architecture and square footage of neighboring homes. The variance would permit only a small reduction in the lot width requirement—resulting in two lots that remain wider than many lots in the neighborhood—while maintaining the one dwelling per acre density of the RE-43 zoning district. Although three adjacent homeowners expressed their view that the variance would decrease the value of their properties, we defer to the Board's assessment of witness credibility and the weight to give conflicting evidence. *See Pingitore*, 194 Ariz. at 264, ¶ 18 ("Neither [reviewing] court may substitute its opinion of the facts for that of the Board."); *Mueller*, 102 Ariz. at 581.

## CONCLUSION

**¶11**      For the foregoing reasons, we affirm the superior court's ruling upholding the variances. Because Richter is the prevailing party, we award him taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA